IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,557-01






EX PARTE STEVEN KYLE CUMMINGS, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 886469-A IN THE 337TH JUDICIAL 

DISTRICT COURT HARRIS COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to an indictment alleging that he possessed four ounces or more
but less than five pounds of marihuana. The trial court deferred a finding of guilt and placed
Applicant on community supervision for two years. Applicant was subsequently adjudicated
guilty of the offense and sentenced to sixteen months in a state jail facility and a fine of $300. 
There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends, inter alia, that his
counsel at the hearing on the motion to adjudicate and subsequent punishment was
ineffective and that he was improperly denied pre-sentence jail time credit, making his
sentence extend past the two-year maximum allowable for state jail felonies. While the trial
court has entered findings of fact and conclusion of law, it is this Court's opinion that further
information is necessary to resolve these issues.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order an affidavit from trial counsel addressing Applicant's
ineffective assistance of counsel claims. The trial court shall also make findings that indicate
the dates that Applicant spent in jail or other custody before sentencing in this cause and
indicate which dates spent in jail or other custody was a condition of community supervision. 
The trial court may also order depositions, interrogatories, or hold a hearing. In the
appropriate case, the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Article
26.04 of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the
hearing. 

 Following the receipt of additional information, the trial court shall determine whether
Applicant was denied effective assistance of counsel, and the trial court shall make any
further findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, because this Court
does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's
compliance with this order. Resolution of the issues shall be accomplished by the trial court
within 45 days of the date of this order. (1) A supplemental transcript containing all affidavits
and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition along with the trial court's supplemental findings of fact and conclusions of law,
shall be returned to this Court within 60 days of the date of this order. (2)




DELIVERED: February 1, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.